IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jack Sullivan, | ) | Case No.: 4:26-cv-00286-JD-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Carmen Pacheo and Sergio Jimenez, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court for review of the Report and Recommendation (the "Report") of United States Magistrate Judge Kaymani D. West, issued under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.). (DE 16.) The Report recommends dismissing this action without prejudice under Federal Rule of Civil Procedure 41(b) because Plaintiff Jack Sullivan failed to bring the case into proper form and failed to provide a current address.[1] The time for filing objections has expired, and no objections have been filed.

A.    **Background**

Plaintiff, proceeding *pro se*, filed this civil-rights action on January 27, 2026, against Defendants Carmen Pacheo and Sergio Jimenez. (DE 1.) He also moved for leave to proceed *in forma pauperis*. (DE 2.)

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

On February 3, 2026, the Magistrate Judge granted Plaintiff leave to proceed *in forma pauperis* but determined that the case was not in proper form for service. (DE 9; DE 10.) The proper-form order directed Plaintiff to submit a completed standard complaint form, Local Civil Rule 26.01 answers, a summons identifying each Defendant and a service address, and a USM-285 form for each Defendant. (DE 9.) The order also directed Plaintiff to keep the Clerk advised in writing of any change of address and explained that the case could be dismissed if his failure to do so caused him to miss a court deadline.

The Clerk mailed the proper form materials and related orders to Plaintiff at the address he supplied: 102 State Street, Santa Barbara, California 93100. (DE 11.) On February 19, 2026, the mailing was returned as undeliverable with the notation "Return to Sender, Not Deliverable as Addressed, Unable to Forward." (DE 13.) Plaintiff did not provide another address, submit the required proper form materials, or make any further filing.

On March 4, 2026, the Magistrate Judge issued the Report recommending dismissal without prejudice under Rule 41(b). (DE 16.) The Report directed that, if Plaintiff contacted the Court during the objection period, stated that he wished to continue the case, and provided a current address, the Report would be vacated and the matter returned to the Magistrate Judge. The Clerk mailed the Report to Plaintiff's address of record, but it was returned as undeliverable with the notation "No Such Number." (DE 17; DE 18.) Plaintiff did not contact the Court or file objections.

Defendants have not been served, and the case cannot proceed through initial review or service without the required proper form documents and a valid address for Plaintiff.

## B.    Legal Standard

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

When no specific objection is made, the Court need not conduct de novo review and need only satisfy itself that there is no clear error on the face of the record before accepting the recommendation. *Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## C.    Discussion

Rule 41(b) permits involuntary dismissal when a plaintiff fails to prosecute or comply with a court order.[2] In determining whether dismissal is warranted, the Court

---

[2]    The copy of the Report mailed to Plaintiff was returned as undeliverable. The Court, therefore, does not treat Plaintiff's failure to object as a waiver of further review and has

considers: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (citing *Hillig v. Commissioner*, 916 F.2d 171, 174 (4th Cir. 1990)). These considerations guide the Court's discretion and must be evaluated in light of the circumstances of the particular case. *Id.*

First, Plaintiff bears responsibility for the inability to proceed. He commenced this action using the address listed in the docket, but mail sent to that address was returned as undeliverable. Plaintiff has not supplied another address or otherwise contacted the Court. Although the record does not establish that he actually received the proper form order, a litigant who invokes the Court's jurisdiction must remain available for communication and take reasonable steps to advance the action.

Second, the prejudice to Defendants is limited because they have not been served and have not been required to litigate the merits. This factor, therefore, does not support a severe sanction, but it does not eliminate the practical problem that the case cannot proceed without Plaintiff's participation and a valid address.

Third, the record does not reflect a lengthy course of repeated violations. It does, however, show complete inactivity after filing. Plaintiff did not submit the materials necessary for initial review and service, provide a usable address, respond

---

independently reviewed the Report, the record, and the propriety of dismissal under Rule 41(b).

to the Report, or make any other filing. The resulting inability to communicate with Plaintiff has brought the case to a standstill.

Fourth, lesser sanctions are unlikely to be effective. Plaintiff is proceeding *in forma pauperis*, making monetary sanctions impracticable. Another order or extension would also be ineffective because the Court has no valid address at which to reach him. Dismissal is, therefore, necessary to manage the docket and conclude an action that cannot advance.

The Court agrees with the Report that dismissal without prejudice is the appropriate disposition. The proper form order and the Report were returned as undeliverable, so the record does not show that Plaintiff received the Court's instructions or the opportunity to object. A without-prejudice dismissal accounts for that lack of actual notice while recognizing that the Court cannot retain indefinitely a case in which the plaintiff cannot be contacted and has taken no steps to proceed.

After independently reviewing the Report and the record, the Court concludes that this action should be dismissed without prejudice for failure to prosecute and failure to provide the information necessary for the case to proceed.

D.    **Conclusion**

Accordingly, the Court ADOPTS the Report's recommendation, as supplemented by this Order. This action is DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 41(b). The Clerk is directed to enter judgment and close the case.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
July 31, 2026

## NOTICE OF RIGHT TO APPEAL

A party seeking to appeal must file a notice of appeal with the Clerk of Court within thirty (30) days after entry of the judgment. Fed. R. App. P. 3, 4(a)(1)(A).